```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


GEORGE JOSEPH,                    :    CIVIL NO. 4:06-CV-02161
                                  :
          Plaintiff               :    (Judge McClure)
                                  :
     v.                           :    (Magistrate Judge Smyser)
                                  :
DAVID KEENHOLD,                   :
GARY MCFARLAND,                   :
E. DAVID CHRISTINE,               :
JUDGE RONALD VICAN,               :
DONNA ASURE,                      :
ROBERT NOTHSTEIN,                 :
SUZANNE MCCOOL and                :
TODD MARTIN,                      :
                                  :
          Defendants              :
```

## REPORT AND RECOMMENDATION

On November 3, 2006, the plaintiff, a prisoner proceeding *pro se,* commenced this 42 U.S.C. § 1983 action by filing a complaint.  The plaintiff also filed an application to proceed *in forma pauperis.*

By an Order dated November 14, 2006, we reviewed the complaint pursuant to 28 U.S.C. § 1915A as follows:

The complaint names the following individuals as defendants: 1) David Keenhold, the Warden of the Monroe County Correctional Facility (MCCF); 2) Gary McFarland, the Director of Treatment at the MCCF ; 3) E. David Christine, the District Attorney of Monroe County and a member of the Prison Board of Monroe County; 4) the Honorable Ronald Vican, a judge of the Court of Common Pleas of Monroe County and a member of the Prison Board of Monroe County; 5) Donna Asure, identified as a Board Commissioner; 6) Robert Nothstein, identified as a Board Commissioner; 7) Suzanne McCool, identified as a Board Commissioner; and 8) Todd Martin, the Sheriff of Monroe County.

The plaintiff alleges the following facts in his complaint.

The plaintiff arrived at the MCCF on July 25, 2006 from a prison in New York.  He noticed that the MCCF was not equipped with an adequate law library.  When he was placed on B Housing Unit he noticed a big component with a computer inside it.  He asked what the computer was for and he was told that it was the law library.  He was also informed that he could obtain law books from the counselor.  The plaintiff alleges that he does not know anything about computers and that there is no law clerk to assist him.  He alleges that the counselor only has a few law books, which, with the exception of one, are useless to him.  The plaintiff alleges that a law library should have wall-to-wall shelves of books.

The plaintiff alleges that he submitted numerous complaints and grievances concerning that fact that he had planned on proceeding *pro se* in his criminal case.  The plaintiff

2

appeared in court on October 30, 2006 before defendant Vican.  The plaintiff alleges that defendant Vican denied him the right to represent himself because he did not know the answers to a few legal questions.  He alleges that defendant Vican violated his constitutional rights by denying him *pro se* status.  The plaintiff alleges that the fact that the MCCF does not have an adequate law library with a law clerk was to blame for him being denied *pro se* status.  He also alleges that he is unable to properly cite to the constitutional rights that he was denied due to the inadequacy of the MCCF law library.

The plaintiff alleges that when the Prison Board meeting was held to discuss the law library issue it had to be decided what funds should be spent on the law library at the MCCF. He alleges that the Board voted to have a computer with a few law discs in each housing unit rather than law books and a civilian law clerk.  The plaintiff alleges that defendants Christine and Vican are members of the Prison Board and that as such they were familiar with the inadequate law library at the MCCF.  The plaintiff claims that defendants Christine and Vican should not be able to make decisions as members of the Prison Board regarding the same people that they prosecute and that therefore they need to recuse themselves from any further participation regarding the MCCF.

This is a 42 U.S.C. § 1983 action. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d

3

>141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

>We conclude that defendant Vican is entitled to absolute immunity from the plaintiff's claim for damages based on the allegation that defendant Vican violated the plaintiff's constitutional rights by refusing him the right to represent himself in his criminal case.

>"The Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d. 2000). The Court has described the reasons for recognizing judicial immunity as follows:
>>[T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have.... [T]his is the principal characteristic that adjudication has in common with legislation and with criminal prosecution, which are the two other areas in which absolute immunity has most generously been provided. If judges were personally liable for

4

>  erroneous decisions, the resulting
>  avalanche of suits, most of them
>  frivolous but vexatious, would
>  provide powerful incentives for
>  judges to avoid rendering decisions
>  likely to provoke such suits. The
>  resulting timidity would be hard to
>  detect or control, and it would
>  manifestly detract from independent
>  and impartial adjudication.

*Forrester v. White*, 484 U.S. 219, 226-27 (1988)(citations omitted).

> We engage in a two-part inquiry to determine whether judicial immunity is applicable. *Gallas, supra,* 211 F.3d at 768. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.*

> "With respect to the first inquiry, 'the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Gallas, supra,* 211 F.3d at 768(quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). "Our task is to 'draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges,' such as administrative acts." *Id.* (quoting *Forrester*, *supra,* 484 U.S. at 227).

5

"With respect to the second inquiry, we must distinguish between acts in the 'clear absence of all jurisdiction,' which do not enjoy the protection of absolute immunity, and acts that are merely in 'excess of jurisdiction,' which do enjoy that protection." *Id.* at 769. The Court has stated that a distinction must be observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter:

> Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

*Stump*, *supra,* 435 U.S. at 356 n.6.

Judicial immunity shields a judge from liability for judicial acts even if those acts were taken in error, if they were done maliciously, if they were in excess of the judge's authority, if the judge committed grave procedural errors or if the judge's actions were unfair or controversial. *Gallas, supra,* 211 F.3d at 769. A judge will be subject to liability only when he or she has acted in the clear absence of all jurisdiction. *Id*. "In

6

sum, our analysis must focus on the general nature of the challenged action, without inquiry into such "specifics" as the judge's motive or the correctness of his or her decision." *Id.*

When defendant Vican determined that the plaintiff would not be permitted to represent himself in the criminal case against him, he was acting in a judicial capacity over a subject matter over which he had jurisdiction. Accordingly, defendant Vican is entitled to absolute immunity from the plaintiff's claim for damages based on the allegation that he violated the plaintiff's constitutional rights by refusing him the right to represent himself in his criminal case.

The plaintiff also alleges that the law library at MCCF is inadequate and that as a result of the inadequacy of the law library he was denied the right to represent himself in his criminal case.  He alleges that the Prison Board, including defendant Vican, was aware of the inadequacy of the law library.  The actions taken by defendant Vican as a member of the Prison Board would appear to be administrative actions which are not protected by absolute immunity.

The plaintiff names Warden Keenhold, Gary McFarland and Sheriff Todd Martin as defendants.  However, the plaintiff has not alleged how those defendants were personally involved in the alleged violation of his rights.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D.

7

> Pa. 1995).  Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation.  *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).  The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  A 42 U.S.C. § 1983 action against state supervisory officials requires allegations that the defendants actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims.  *Egan v. Concini*, 585 F. Supp. 801, 804 (M.D. Pa. 1984).
>
> The plaintiff has not alleged personal involvement on the part of defendants Keenhold, McFarland, and Martin.  Accordingly, we conclude that the complaint fails to state a claim upon which relief can be granted against defendants Keenhold, McFarland and Martin.

*Doc. 6 at 2-12 (footnote omitted).*

Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).  By the Order of

8

November 14, 2006, we granted the plaintiff leave to file an amended complaint to attempt, if appropriate, to cure the deficiency noted with respect to the lack of allegations regarding personal involvement on the part of defendants Keenhold, McFarland and Martin.  We noted that if the plaintiff fails to file an amended complaint we will recommend that the plaintiff's claims be dismissed with the exception of his access to the courts claim against the defendants who are members of the Prison Board.  We ordered that the plaintiff may file an amended complaint on or before December 14, 2006.  We also ordered that any amended complaint be complete in all respects, be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed, and be "simple, concise, and direct" as required by the Rules of Civil Procedure.

On December 4, 2006, the plaintiff filed an amended complaint.  The plaintiff alleges in the amended complaint that defendants Keenhold, McFarland, and Martin were aware of and responsible for the allegedly inadequate law library.

9

Inmates have a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977).  In order to succeed on an access to the courts claim an inmate must establish actual injury. *Lewis*, *supra*, 518 U.S. at 351.

Although the plaintiff alleged in his original complaint that as a result of the inadequacy of the law library at the MCCF he was denied the right to represent himself in his criminal case, the plaintiff made no such allegation in his amended complaint.  Because the plaintiff failed to allege that he was actually injured in his right of access to the courts by the allegedly inadequate law library, by an Order dated December 27, 2006, we concluded that the amended complaint fails to state an access to the courts claim upon which relief may be granted.  We granted the plaintiff one final opportunity to amend his complaint.  The Order of December 27, 2006 provided that the plaintiff may file, on or before January 29, 2007, a second amended complaint.  The Order further provided

10

that the second amended complaint must contain all of the plaintiff's claims against all of the defendants, that the second amended complaint will be read independently of the original complaint and the amended complaint, that the plaintiff must include all allegations material to his claims in his second amended complaint.  The Order further provided that if the plaintiff fails to file a second amended complaint, we will recommend that the amended complaint be dismissed for failure to state a claim upon which relief may be granted and that the case file be closed.

After requesting and receiving extensions of time, the plaintiff filed a second amended complaint on July 19, 2007.

The second amended complaint does not state an access to the courts claim upon which relief may be granted.  In his second amended complaint, the plaintiff objects to the requirement that he restate his claims against the prison board members.  The plaintiff appears to indicate that he wants to proceed on the original complaint against the prison board

11

members.  Since the plaintiff is proceeding *pro se*, we recommend that the plaintiff be permitted to proceed on the original complaint against the prison board members.  We will recommend that the amended complaint and second amended complaint be stricken from the record.

As indicated in the Order of November 14, 2006, defendant Vican is entitled to absolute immunity from the plaintiff's claim for damages based on the allegation that he violated the plaintiff's constitutional rights by refusing him the right to represent himself in his criminal case.  Accordingly, it is recommended that that claim against defendant Vican be dismissed.  Also as indicated in the Order of November 14, 2006, the plaintiff has failed to allege personal involvement on the part of defendants Keenhold, McFarland, and Martin in his original complaint.  Accordingly, it is recommended that the claim against defendants Keenhold, McFarland and Martin be dismissed.

12

Based on the foregoing, it is recommended that the plaintiff's amended complaint and second amended complaint be stricken from the record.  It is further recommended that the claim against defendant Vican based on the allegation that he violated the plaintiff's constitutional rights by refusing him the right to represent himself in his criminal case be dismissed and that defendants Keenhold, McFarland and Martin be dismissed.  It is further recommended that the case be remanded to the undersigned for further proceedings.


*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  July 30, 2007.