UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE JOSEPH,                     :     CIVIL NO. **4:06-CV-02161**
                                   :
          Plaintiff                :     (Judge McClure)
                                   :
     v.                            :     (Magistrate Judge Smyser)
                                   :
E. DAVID CHRISTINE, et al.,        :
                                   :
          Defendants               :

### REPORT AND RECOMMENDATION


On November 3, 2006, the plaintiff, a prisoner proceeding *pro se,* commenced this 42 U.S.C. § 1983 action by filing a complaint.


The complaint names the following individuals as defendants: 1) David Keenhold, the Warden of the Monroe County Correctional Facility (MCCF); 2) Gary McFarland, the Director of Treatment at the MCCF ; 3) E. David Christine, the District Attorney of Monroe County and a member of the Prison Board of Monroe County; 4) the Honorable Ronald Vican, a judge of the Court of Common Pleas of Monroe County and a member of the Prison Board of Monroe County; 5) Donna Asure, identified as a

Board Commissioner; 6) Robert Nothstein, identified as a Board
Commissioner; 7) Suzanne McCool, identified as a Board
Commissioner; and 8) Todd Martin, the Sheriff of Monroe County.

     The plaintiff alleges the following facts in his
complaint.

     The plaintiff arrived at the MCCF on July 25, 2006 from
a prison in New York.  He noticed that the MCCF was not
equipped with an adequate law library.  When he was placed on B
Housing Unit he noticed a big component with a computer inside
it.  He asked what the computer was for and he was told that it
was the law library.  He was also informed that he could obtain
law books from the counselor.  The plaintiff alleges that he
does not know anything about computers and that there is no law
clerk to assist him.  He alleges that the counselor only has a
few law books, which, with the exception of one, are useless to
him.  The plaintiff alleges that a law library should have
wall-to-wall shelves of books.

The plaintiff alleges that he submitted numerous complaints and grievances concerning the fact that he had planned on proceeding *pro se* in his criminal case.  The plaintiff appeared in court on October 30, 2006 before defendant Vican.  The plaintiff alleges that defendant Vican denied him the right to represent himself because he did not know the answers to a few legal questions.  He alleges that defendant Vican violated his constitutional rights by denying him *pro se* status.  The plaintiff alleges that the fact that the MCCF does not have an adequate law library with a law clerk was to blame for him being denied *pro se* status.  He also alleges that he is unable to properly cite to the constitutional rights that he was denied due to the inadequacy of the MCCF law library.

The plaintiff alleges that when the Prison Board meeting was held to discuss the law library issue it had to be decided what funds should be spent on the law library at the MCCF.  He alleges that the Board voted to have a computer with a few law discs in each housing unit rather than law books and

3

a civilian law clerk.  The plaintiff alleges that defendants Christine and Vican are members of the Prison Board and that as such they were familiar with the inadequate law library at the MCCF.  The plaintiff claims that defendants Christine and Vican should not be able to make decisions as members of the Prison Board regarding the same people that they prosecute and that therefore they need to recuse themselves from any further participation regarding the MCCF.

By an Order dated August 20, 2007, the claims against defendants Vican, Keenhold, McFarland and Martin were dismissed for failure to state a claim upon which relief can be granted.

On November 6, 2007, the remaining defendants filed a motion to dismiss the complaint and a brief in support of that motion.  The plaintiff did not file a brief in opposition to the motion to dismiss as required by Local Rule 7.6, Rules of Court, M.D. Pa.

4

By an Order dated December 6, 2007, the plaintiff was ordered to file a brief in opposition to the defendants' motion to dismiss on or before December 24, 2007.  The Order of December 6, 2007 warned the plaintiff that if he failed to file a brief in opposition, we would consider recommending that this action be dismissed pursuant to Fed.R.Civ.P. 41(b), by application of the factors in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The plaintiff requested and received three extensions of time to file his brief in opposition.  By an Order dated May 7, 2008, the plaintiff was ordered to file his brief in opposition to the defendants' motion to dismiss on or before June 20, 2008.

The plaintiff has not filed a brief in opposition to the defendants' motion to dismiss as ordered.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action where the plaintiff fails to prosecute

or fails to comply with rules or orders of the court.  The
plaintiff has failed to prosecute this action and has failed to
obey the court's orders and Local Rule 7.6, which requires the
filing of an opposition brief.  The case should be dismissed
pursuant to Fed.R.Civ.P. 41(b).

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir.
1991), the court reversed the district court's dismissal for
the *pro se* plaintiff's failure to file a brief in accordance
with a local rule of court.  The court stated that failure to
obey the local rule should not form the basis for dismissal
without an analysis of the merits of the case.  The court noted
that dismissal was not to be ruled out if the party was
represented by an attorney and in fact did not oppose the
motion.  "Nor do we suggest that if a party fails to comply
with the rule after a specific direction to comply from the
court, the rule cannot be invoked.  Thus, our holding is not
broad."  951 F.2d at 30.

In this case, the plaintiff was specifically directed to file a brief in opposition to the motion to dismiss. The plaintiff did not obey either the rule or the Order.

The Third Circuit has applied the same general analysis, using some or all of the six part test enunciated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), in reviewing all orders which deprive a party of the right to proceed with or defend a claim. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990). The *Poulis* factors the court should consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.*

The plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis*. The plaintiff's failure to

7

comply with the Order to file a brief in opposition indicates that the plaintiff has abandoned this lawsuit.

Based on the foregoing, it is recommended that the action be dismissed pursuant to Fed.R.Civ.P.41(b), for the plaintiff's failure to obey Local Rule 7.6 and the Order to file a brief in opposition to the motion to dismiss.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  July 22, 2008.

8